IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUTHER W. CALLICUT | § | |
| Petitioner, | § § § | |
| VS. | § § | NO. 3-03-CV-1525-M |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § | |
| Respondent. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Auther W. Callicut, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of murder and sentenced him to 35 years confinement. His conviction and sentence were affirmed on direct appeal. *Callicut v. State*, No. 05-01-00231-CR, 2002 WL 126614 (Tex. App.--Dallas, Feb. 1, 2002, no pet). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Callicut*, No. 55,717-01 (Tex. Crim. App. Jun. 18, 2003). Petitioner then filed this action in federal district court.[1]

---

[1] This court originally dismissed petitioner's federal writ on limitations grounds. *Callicut v. Dretke*, No. 3-03-CV-1525-M, 2003 WL 22889264 (N.D. Tex. Sept. 19, 2003), *rec. adopted*, 2003 WL 22888788 (N.D. Tex. Oct. 15, 2003). On direct appeal, the Fifth Circuit vacated the judgment and remanded the case for further proceedings upon discovering that petitioner filed his state writ prior to January 23, 2003, rather than on April 15, 2003, as represented by petitioner in his initial pleading. *Callicut v. Quarterman*, No. 03-11201, 2007 WL 2471782 (5th Cir. Jul. 19, 2007).

II.

In four grounds for relief, petitioner contends that: (1) the evidence was legally and factually insufficient to support his conviction; (2) he received ineffective assistance of counsel; (3) the trial court improperly admitted certain evidence; and (4) the state appeals court failed to address two of his claims.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). Federal habeas courts review questions of law and mixed questions of law and fact under section 2254(d)(1). Pure questions of fact are reviewed under section 2254(d)(2). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 122 S.Ct. 194 (2001).

A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision

constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523. To be unreasonable, the application of clearly established federal law must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). The standard is one of "objective reasonableness." *Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2220 (2001), *quoting Williams*, 120 S.Ct. at 1521-22 (O'Connor, J., concurring). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

In one broad ground for relief, petitioner contends that the evidence was legally and factually insufficient to support his murder conviction.[2]

1.

The court initially observes that a claim based on factually insufficient evidence is not cognizable under 28 U.S.C. § 2254. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal

---

[2] Respondent argues that petitioner's legal sufficiency claim is procedurally barred from federal habeas review because it was presented to the Texas Court of Criminal Appeals for the first time in an application for state post-conviction relief. (*See* Resp. Ans. at 13-14). Although a federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default, the state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). Here, the state habeas court summarily rejected petitioner's legal sufficiency claim because "there are no controverted, previously unresolved facts material to the legality of the Applicant's confinement." *Ex parte Callicut*, No. 55,717-01 at 25. While it is true that "sufficiency of the evidence is not properly raised in a habeas corpus application," *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994), it is not clear that the state court denied post-conviction relief for that reason.

sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14, *citing Clewis*, 922 S.W.2d at 129-30, *and Bigby v. State*, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994), *cert. denied*, 115 S.Ct. 2617 (1995). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases).

2.

Petitioner argues that the evidence supporting his guilt, "although adequate when taken alone, is so greatly outweighed by the overwhelming weight [of] contrary evidence as to render the conviction clearly wrong and manifestly unjust." (Hab. Pet. at 8, ¶ 20). More particularly, petitioner alleges there is no "direct evidence" that he shot the victim and there is undisputed evidence that he was not present when the murder was committed.

a.

Federal habeas review of a legal sufficiency claim is extremely limited. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 99 S.Ct. at 2789; *Gibson v. Collins*, 947 F.2d

780, 781 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990).

Federal courts are bound by state statutes and case law in determining the elements of an offense. *Foy v. Donnelly*, 959 F.2d 1307, 1313 (5th Cir. 1992). Under Texas law, a person commits the offense of murder if he:

> commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

TEX. PENAL CODE ANN. §§ 19.02(b)(3). A person may be held criminally responsible for an offense committed by another if he was "present at the commission of the offense and encourage[d] its commission by words or other agreement." *King v. State*, 29 S.W.3d 556, 564 (Tex. Crim. App. 2000), *citing* TEX. PENAL CODE ANN. § 7.02(a)(2). If a felony is committed during the course of a conspiracy to commit another felony:

> all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

TEX. PENAL CODE ANN. § 7.02(b).

b.

Petitioner was charged with the murder of Marcos Monsivais "while . . . in the course of committing and attempting to commit the offense of robbery[.]" (St. App. Tr. at 2). At trial,

petitioner testified that he set up a drug deal between Monsivais and Markiest Sykes. (SF-V at 42-44). On the night of the murder, petitioner drove Sykes to meet Monsivais and waited in the car while the two discussed the drug buy. (*Id.* at 45-53). A few minutes later, petitioner heard a gunshot. (*Id.* at 54). As petitioner began to drive away, he heard Sykes calling his name. (*Id.*). Petitioner stopped the car, picked up Sykes, and drove him home. (*Id.* at 55). Although petitioner said he was unaware that Sykes had shot Monsivais, he later admitted taking custody of the gun and the shell casing from the bullet used in the shooting. (*Id.* at 55, 89).

Two witnesses contradicted petitioner's claim that he did not participate in the robbery. Laeduan Hunt testified that he overheard petitioner and Sykes discuss plans to rob Monsivais before petitioner arranged the drug deal. (*Id.* at 6). According to Hunt, petitioner told Sykes, "He's short and you can get him." (*Id.* at 8). Another witness, Jennifer Goodman, testified that petitioner and Sykes talked five or six times about whether Sykes needed to bring "heat" to the drug buy. (SF-IV at 91, 95). Just before meeting with Monsivais, Goodman and petitioner accompanied Sykes to his mother's house where Goodman believed that Sykes retrieved a gun. (*Id.* at 99). Goodman also heard petitioner tell Sykes "to act like he's getting the money together" when he approached Monsivais for drugs. (*Id.* at 100). After the shooting, Goodman observed petitioner and Sykes divide up a bag of cocaine taken from the victim. (*Id.* at 107-09).

In rejecting petitioner's legal sufficiency claim, the state appeals court wrote:

> The jury could reasonably infer from this evidence that appellant knew Sykes had a gun. The jury could also reasonably infer from this evidence that appellant knew Sykes carried a gun to rob Monsivais and that appellant should have anticipated the possibility that Sykes might fire the gun in the course of the robbery resulting in Monsivais' death. Applying the appropriate standards of review . . ., we conclude the evidence is legally [ ] sufficient to support a jury finding that

> appellant should have anticipated Monsivais' murder as a result of carrying out the conspiracy.

*Callicut*, 2002 WL 126614 at *4. Petitioner has failed to show that this decision is unreasonable in light of the evidence presented at trial. Viewed in the light most favorable to the verdict, the evidence was sufficient to support petitioner's conviction under the Texas felony murder statute and conspiracy theory. This ground for relief should be overruled.

C.

Petitioner further contends that he received ineffective assistance of counsel because his attorney: (1) failed to strike a juror who allegedly knew Laeduan Hunt and his mother; and (2) did not file a petition for discretionary review after his conviction was affirmed on direct appeal.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

2.

Both of petitioner's ineffective assistance of counsel claims were considered and rejected on state collateral review. In a sworn affidavit filed with the state habeas court, Phillip H. Jones, the attorney who represented petitioner at trial, testified that he was unaware of any juror who had a prior relationship with Laeduan Hunt or his mother. *Ex parte Callicut*, No. 55,717-01 at 26. The state court found that Jones was a trustworthy individual and that the statements made in his affidavit were worthy of belief. *Id.* at 23. That finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Not only has petitioner failed to rebut the state court finding by clear and convincing evidence, he does not even identify the juror who allegedly knew Hunt and his mother. His speculative assertions do not merit habeas relief. *See Peek v. Quarterman*, No. 3-06-CV-1970-M, 2007 WL 1500875 at *7 (N.D. Tex. May 23, 2007).

Nor has petitioner shown that counsel was ineffective for failing to file a petition for discretionary review. April E. Smith, the attorney appointed to represent petitioner on appeal, testified by affidavit in the state habeas proceeding that she asked the trial court to appoint a lawyer to prepare a petition for discretionary review on behalf of petitioner. *Ex parte Callicut*, No. 55,717-01 at 27. After the motion was denied, Smith sent petitioner a letter stating:

> The Judge is not required to appoint an attorney to file a Petition for Discretionary Review (PDR) . . . [S]hould you wish to file a PDR, you must retain counsel or prepare your own. The rules for preparing a PDR are located in the Texas Rules of Appellate Procedure Rules 66-79.

*Id.* at 29. Smith also advised petitioner that any PDR must be filed with the clerk of the court of appeals by March 4, 2002. *Id.* Based on this evidence, none of which was controverted by petitioner, the state habeas court rejected his ineffective assistance of counsel claim. *Id.* at 23-24. To the extent petitioner now contends that his trial counsel, Phillip H. Jones, should have filed a petition for discretionary review, that claim is untenable in light of the fact that Jones did not even represent petitioner on direct appeal. This ground for relief should be overruled.

D.

Next, petitioner alleges that the trial court improperly admitted evidence of "acts or omissions [that] were outside the wide range of criminal justice." (Hab. Pet. at 7, ¶ 20). The misapplication of state procedural and evidentiary rules is not cognizable in a federal habeas proceeding unless the petitioner can establish that the error deprived him of a fair trial. *See Evans v. Thigpen*, 809 F.2d 239, 242 (5th Cir.), *cert. denied*, 107 S.Ct. 3278 (1987); *Mattheson v. King*, 751 F.2d 1432, 1445 (5th Cir. 1985), *cert. dism'd*, 106 S.Ct. 1798 (1986). Other than the vague assertion that the admission of certain evidence and testimony was "outside the wide range of criminal justice," petitioner offers no proof of a federal constitutional violation. *See Saunders v. Cockrell*, No. 3-02-CV-0229-D, 2002 WL 31156719 at *2 (N.D. Tex. Sept. 24, 2002), *citing Lucas v. Johnson*, 132 F.3d 1069, 1082 (5th Cir.), *cert. dism'd*, 119 S.Ct. 4 (1998) (habeas relief warranted only when erroneous admission of evidence played a "crucial, critical [and] highly significant role" in trial). This ground for relief is without merit.

E.

Finally, petitioner contends that the state appeals court failed to properly consider two of his claims on direct appeal--that the evidence was legally and factually insufficient to prove that he

solicited, encouraged, directed, or aided Sykes in committing felony murder. Instead, petitioner accuses the court of appeals of ignoring these points of error by focusing on two other claims challenging the sufficiency of the evidence to support his murder conviction under a conspiracy theory.

Under the Texas Rules of Appellate Procedure, "[t]he court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to the final disposition of the appeal." *See* TEX. R. APP. P. 47.1. That is exactly what the state court did in this case. After carefully reviewing the evidence, the appeals court rejected petitioner's legal and factual insufficiency claims by determining that he should have anticipated the murder as a result of carrying out a conspiracy to rob Monsivais. *Callicut*, 2002 WL 126614 at *4. Because the court affirmed petitioner's conviction under a conspiracy theory, it expressly declined to consider whether the evidence was legally and factually sufficient to support petitioner's conviction on the theory that he as the principal actor or as a party caused Monsivais' death. *Id.* This analysis not only was proper, but was mandated by the Texas rules. Petitioner's claim that the evidence was legally and factually insufficient to prove that he solicited, encouraged, directed, or aided Sykes in committing felony murder was not necessary to the final disposition of his appeal.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 27, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE